IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON THOMAS CROZZER,

    **Plaintiff,**

    v.

FRANK BISIGNANO,[1]

    **Defendant.**

Case No. 23-CV-1268-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 17). The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Plaintiff's motion, awards $16,637.25 in reasonable attorney's fees, and orders Plaintiff's counsel to refund to Plaintiff the smaller fee amount ($3,215.50) that he received under the Equal Access to Justice Act ("EAJA") after he receives his attorney's fees.

**I.    Background**

Plaintiff hired counsel to prosecute his claim for social security benefits in December 2023. They entered into a contingent-fee agreement for 25 percent of all retroactive benefits. On December 19, 2023, Plaintiff filed a Complaint in this Court appealing the administrative decision denying her disability benefits. On April 22, 2024, this Court reversed the decision of the Commissioner and remanded the case to the Administrate Law Judge.[2] On July 16, 2024, this Court granted an unopposed motion for attorney's fees under the EAJA, awarding Plaintiff

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. The Court therefore substitutes him as the defendant here under Fed. R. Civ. P. 25(d). *See* 42 U.S.C. § 405(g).

[2] Doc. 13.

$3,215.40.[3]   On remand, the Commissioner awarded Plaintiff total retroactive benefits of $66,549.00.

Plaintiff's counsel now seeks $16,637.25 in attorney's fees under 42 U.S.C. § 406(b)(1), which is 25 percent of Plaintiff's total retroactive benefits.  Defendant takes no position on counsel's fee request, except to state that Plaintiff's attorney must refund the EAJA fees, and defers to the Court's discretion on the reasonableness of the award.[4]

## II.    Legal Standard

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."[5] This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where a plaintiff eventually is awarded past-due benefits.[6]  The amount of a fee award under § 406(b) is committed to the Court's sound discretion.[7]

In determining whether a contingent-fee agreement produces reasonable results or whether the fee award should be reduced, the Supreme Court has directed courts to consider several factors, specifically: (1) the character of the representation and whether the results it achieved were substandard; (2) whether the attorney was responsible for delay that caused

---

[3] Doc. 16.

[4] Doc. 18.

[5] "The [SSA] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.*

[6] *Id.* at 503.

[7] *Id.* at 505; *see also Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for work done before it").

benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.[8]  The Supreme Court noted that "the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate."[9]  "If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[10]

### III.   Discussion

Applying the factors described above, the Court concludes that the requested fee of $16,637.25 is reasonable.  As to the first two factors, counsel achieved a favorable result and was not responsible for any delay in the case.  The only question is whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.  Plaintiff ultimately received benefits in the amount of $66,549.00, and counsel seeks attorney's fees in the amount of $16,637.25, which represents 25 percent of the total past-due benefits award.

Counsel submitted an itemized invoice showing that she spent 13.8 hours representing Plaintiff.  Counsel states that an award of 25 percent of past due benefits would result in an hourly rate of $1,205.60 and an equivalent hourly rate of non-contingent work of $430.57.[11]  Counsel contends that this amount is reasonable based on the results in the case, which includes ongoing benefits in addition to the past-due benefits upon which the contingent fee is calculated.  Counsel also points to her expertise in disability law.

---

[8] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[9] *Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (citing *Gisbrecht*, 535 U.S. at 808).

[10] *McGraw*, 450 F.3d at 497–98.

[11] Counsel states that claimants in social security cases ultimately prevail in approximately 36 percent of cases.  To make up for the risk of loss, counsel would need to charge a winning client an amount 2.8 times the fee the attorney would have charged a client paying on a non-contingent basis.  Applying this 2.8 multiplier results in an effective hourly rate above of $430.57.

The Court agrees.  Plaintiff's counsel obtained a favorable result.  In addition, the Court recognizes that the contingent nature of social security cases justifies a fee award higher than the normal hourly rate charged by practitioners due to the probability of the cases not successfully concluding, and due to the deferential standard that applies in Social Security cases.[12]  Furthermore, the Court notes that Plaintiff entered into a contingent-fee arrangement with counsel in which she agreed to a fee of 25 percent of past due benefits.  While the hourly fee is on the higher end, courts in this district have approved § 406(b) contingent attorney fees at similar hourly rates.[13]

Accordingly, the Court grants Plaintiff's motion.  As stated above, when counsel is awarded fees under both the EAJA and § 406(b), counsel must refund the smaller amount to the claimant.  Thus, Plaintiff's counsel is directed to refund to Plaintiff the EAJA award in the amount of $3,215.40.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 17) is **granted**.  The total amount of fees sought in the amount of $16,637.25 is reasonable.  Plaintiff's counsel is directed to refund Plaintiff the EAJA award in the amount of $3,215.40.

**IT IS SO ORDERED.**

Dated: December 9, 2025

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[12] *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (describing the substantial-evidence standard that applies to agency review).

[13] *See, e.g.*, *Firment v. O'Malley*, No. 22-1220-JWL, 2023 WL 8934765, at *3 (D. Kan. Dec. 27, 2023) (hourly rate of $1,157.81 and effective hourly rate of $413.50); *Rogers v. Kijakazi*, No. 19-1134-JWL, 2022 WL 17718655, at *3 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and effective hourly rate of $809.07).